## No. 12,063.

STATE EX REL. PERILLOUX & CO. VS. JUDGE OF THE SIXTEENTH JUDICIAL DISTRICT COURT.

Where a political corporation imposes a license tax, and the existence of the corporation is denied, the legality of the tax is in dispute and this court has exclusive appellate jurisdiction of the case.

In the answer of the defendant, wherein the legality of and constitutionality of the tax is attacked, and an exception as to the existence of the capacity of the party plaintiff to sue is maintained, the appeal from the judgment must be to the Supreme Court. An appeal can not ascend, by frac tions, from an inferior, to an intermediate and to a higher tribunal.

ON APPLICATION for Writs of *Certiorari* and Prohibition.

---

*Henry L. Garland* for Relators.

---

*Geo. E. Williams* for Respondent.

---

Submitted on briefs February 10, 1896.
Opinion handed down February 24, 1896.

---

The opinion of the court was delivered by

McENERY, J. The town of Slidell brought suit against relators for the sum of fifty dollars in a magistrate's court for a license tax as liquor dealers.

The relators excepted to the suit on the ground that the town of Slidell had no corporate existence, and was without power to levy the license tax. Reserving the exception they answered that the ordinance was illegal which levied the license, because there was no grading of the license levied, as required by the Constitution.

The exception was maintained. The plaintiff applied for an appeal to the District Court, which the justice of the peace refused to grant. Application was then made to the District Court for a *mandamus* to compel the justice of the peace to send the appeal to the District Court. The *mandamus* was made peremptory.

An exception was filed to the jurisdiction of the court on the ground that this court, under Art. 81 of the Constitution, had jurisdiction of the cause. The court declined to dismiss the appeal. Application is now made to this court to prohibit the District Judge from entertaining jurisdiction.

The answer of the respondent judge is that the appeal to his court was from a judgment on the exception which did not present any question as to the legality of the tax, and involved only the corporate existence of the town. The amount in dispute was less than two thousand dollars, and the Supreme Court was without jurisdiction.

The issues involved are disposed of in the cases of Decklar vs. Frankenberger, 30 An. 415, and Canal and Navigation Company vs. Tedesco, 37 An. 100.

In the first case the city of New Orleans was sued for the return of a tax alleged to have been erroneously paid under an illegal and unconstitutional ordinance. The city answered, denying the unconstitutionality of said ordinance, and that plaintiff had ever paid the advance in question. From an adverse judgment the city took an appeal to the Third District Court. A motion was made to dismiss the appeal on the ground that the appeal should have been to the Supreme Court. The motion was overruled. On application for a *mandamus* the respondent judge answered that the city for answer, while denying the unconstitutionality of the act, also denied that plaintiff had paid the amount claimed, that the question of payment *vel non*, as well as the constitutionality of the act, was involved. In this case it was held that, on questions involving the legality, constitutionality of a tax, the jurisdiction of this court was exclusive as to the whole case, facts and law, and that no appeal could ascend by

fractions from an inferior jurisdiction to both an intermediate and a higher jurisdiction.

In the second case the existence of the plaintiff corporation was denied. It had attempted to collect a toll from the defendant. The exception as to the existence of the corporation was maintained, and an appeal taken directly to the Supreme Court. The defendant and appellee moved to dismiss the appeal. The court held "that the matter in dispute is a *toll*, the legality of which is attacked. It is immaterial on what ground the illegality is alleged. It suffices that it be claimed by the defence to give this court jurisdiction over the contention.

In this case it was held that the imposition of a toll by a corporation alleged to have no existence was a dispute as to a toll, the legality of which was attacked.

Viewing this case from either standpoint of the cases referred to, the District Court has no jurisdiction.

It is we think a well settled rule that if the appellate court has jurisdiction of the case, it necessarily must assume jurisdiction as to all incidental matters.

It is therefore ordered that the rule granted herein be made absolute and the provisional writ be made peremptory.